# In the Iowa Supreme Court

No. 24–1112

Submitted December 17, 2025—Filed May 15, 2026

**State of Iowa,**

Appellee,

vs.

**Gregory Antwone Jackson,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Worth County, Elizabeth Batey, district associate judge.

A defendant seeks further review of a court of appeals decision affirming the dismissal of his combined posttrial motion in arrest of judgment and for new trial. **Decision of Court of Appeals Vacated; District Court Judgment Affirmed on Condition and Remanded with Instructions.**

McDermott, J., delivered the opinion of the court, in which all justices joined.

Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy (argued), Assistant Appellate Defendant, for appellant.

Brenna Bird, Attorney General, and David Banta (argued), Assistant Attorney General, for appellee.

**McDermott, Justice.**

Gregory Jackson appeals the denial of his combined motion in arrest of judgment and for new trial on his convictions for operating while intoxicated and possessing a controlled substance. In a posttrial motion, he argued both that there was insufficient evidence to support the jury's verdict and that the verdict was contrary to the weight of the evidence. On appeal, he argues that in denying the motion for new trial, the district court considered the sufficiency of the evidence but not—as required with a motion for new trial—the weight of the evidence. We transferred the case to the court of appeals, where a panel concluded that Jackson never received a ruling on his weight-of-the-evidence challenge and thus failed to preserve error on this issue. We granted Jackson's application for further review.

I.

In November 2023, a state trooper pulled over Jackson's vehicle after observing him speeding and failing to stay in his lane. When the trooper approached the vehicle, he smelled marijuana and alcohol, and in talking to Jackson, he noted Jackson's slurred speech and bloodshot, watery eyes. The trooper ordered Jackson out of the vehicle and administered field sobriety tests. According to the trooper, each test result suggested that Jackson was impaired. Jackson was placed under arrest. A search of the vehicle incident to the arrest revealed a substance later identified as marijuana and two open containers of alcohol. The State ultimately charged Jackson with operating while intoxicated (first offense), a serious misdemeanor, under Iowa Code § 321J.2(1), (2)(*a*) (2023), and possession of a controlled substance (first offense), also a serious misdemeanor, under Iowa Code § 124.401(5).

At the close of the State's evidence, Jackson moved for a judgment of acquittal, which the district court denied. The jury convicted Jackson on both counts. He timely filed a combined motion in arrest of judgment and for new trial, asserting that the verdict lacked sufficient evidence, that the verdict was contrary to the weight of the evidence, and that the district court erred in denying his motion for directed verdict. At the hearing, after arguments from defense counsel and the prosecutor, the district court issued an oral ruling that mentioned both the sufficiency arguments and the weight-of-the-evidence challenge:

> With regard to the motion in arrest of judgment, I think the evidence was incredibly substantial. I don't think that there is any reason to think the jury verdict was not supported by sufficient weight of the evidence. I think, [defense counsel], your motion and also your argument today, you know, ignores a lot of the evidence that was presented as to constructive possession. I think [the prosecutor] ran through those, but those would be the same factors that I pointed out of why I don't think there was any issue with the verdict being contrary to the weight of the evidence with regard to constructive possession or the operating while intoxicated charge.
>
> With regard to the motion for new trial, I don't think that there was any . . . issue with the defendant not receiving a fair and impartial trial. If the admission of the Exhibit 102 for the state was in error, . . . I don't see how that was anything but a harmless error given the really overwhelming amount of other evidence that was presented as to Mr. Jackson's impairment that was presented by the state.
>
> So I'm going to deny the motions in arrest of judgment and for a new trial at this time.

The district court also later issued a written order addressing the motions. The order began by mentioning Jackson's weight-of-the-evidence challenge:

> [T]he Defendant argues grounds for a new trial exist as the verdict was against the weight of the evidence, asserting that the "verdict on both counts was supported by insufficient evidence, but especially insufficient on the issue of constructive possession of the marijuana. The marijuana was not found on Defendant's person, so

4

additional evidence was required to prove it belonged to the Defendant."

The order noted that the district court had evaluated the evidence in the light most favorable to the State. It concluded that "[s]ubstantial evidence supports the verdict as to both counts" and that the "evidence is substantial and can convince a rational jury" of Jackson's guilt. The district court also reiterated its denial of the motion for judgment of acquittal. Aside from the initial summary of Jackson's arguments, the written order doesn't mention the weight of the evidence. Jackson didn't raise any objection or file any motion to expand or reconsider the oral or written rulings.

On appeal, the court of appeals concluded that the district court addressed Jackson's arguments on the sufficiency of the evidence but did not address his weight-of-the-evidence challenge. It thus held that Jackson's failure to get a ruling on the weight-of-the-evidence issue waived any error on the motion for new trial. Jackson sought further review, arguing that the district court did in fact address the weight-of-the-evidence challenge but applied the wrong standard (sufficiency instead of weight of the evidence). We granted further review.

II.

Jackson's motion in arrest of judgment and for new trial separately argued that the verdict "was supported by insufficient evidence" and that "[t]he verdict was against the weight of the evidence." Under Iowa Rule of Criminal Procedure 2.19(7)(*a*), a court must enter a judgment of acquittal "if the evidence is insufficient to sustain a conviction." And under rule 2.24, the court may grant a new trial when the verdict is "contrary to law or contrary to the weight of the evidence." *Id.* r. 2.24(2)(*b*)(7).

We have explained the analytical differences between the acquittal motion's sufficiency test and the new trial motion's weight-of-the-evidence test in a multitude of cases. *See, e.g.*, *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016); *State v. Maxwell*, 743 N.W.2d 185, 193 (Iowa 2008); *State v. Nitcher*, 720 N.W.2d 547, 559 (Iowa 2006); *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006); *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998). In considering a challenge to the *sufficiency* of the evidence in a motion for acquittal, the relevant question is whether, "after viewing the evidence in the light most favorable to the prosecution, no rational factfinder could have found the defendant guilty beyond a reasonable doubt." *Ellis*, 578 N.W.2d at 658 (quoting *Tibbs v. Florida*, 457 U.S. 31, 37 (1982)). If insufficient evidence exists, the result is not a new trial but an outright acquittal, since it shows "that the government's case was so lacking that it should not have been *submitted* to the jury." *Id.* (quoting *Tibbs*, 457 U.S. at 41).

Conversely, in analyzing a challenge to the *weight* of the evidence on a motion for new trial, the district court considers the credibility of witnesses in weighing all the evidence. *State v. Reeves*, 670 N.W.2d 199, 202 (Iowa 2003). "If the court reaches the conclusion that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted, the verdict may be set aside and a new trial granted." *Ellis*, 578 N.W.2d at 658–59 (quoting 3 Charles A. Wright, *Federal Practice and Procedure* § 553, at 245–48 (2d ed. 1982)).

So while a sufficiency challenge views the evidence in a verdict-favoring light and asks whether the state presented enough evidence to create a jury question, a weight-of-the-evidence challenge requires the district court to make credibility calls and decide whether more credible evidence supports the verdict. *Reeves*, 670 N.W.2d at 202. While a reversal for insufficient evidence bars retrial

under the Double Jeopardy Clause, a successful weight-of-the-evidence challenge merely allows the court to grant a new trial. *Ellis*, 578 N.W.2d at 658.

**A. Error Preservation.** On his motion for new trial, Jackson argues that the district court mistakenly applied the test for sufficiency in place of the weight-of-the-evidence test. The State responds in part—and the court of appeals held—that the district court ruled on only the sufficiency challenge and never ruled on the weight-of-the-evidence challenge. As a result, under this argument, Jackson failed to preserve error on the new trial motion since "issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

In *Lamasters v. State*, we articulated a threshold for determining when a district court has sufficiently addressed an issue, clarifying that the requirement that issues be both raised and decided to preserve error "is not concerned with the substance, logic, or detail in the district court's decision." 821 N.W.2d 856, 864 (Iowa 2012). Instead, error is preserved when a ruling "indicates that the court *considered* the issue and necessarily ruled on it, even if the court's reasoning is 'incomplete or sparse.' " *Id.* (quoting *Meier*, 641 N.W.2d at 540).

In *Lamasters*, a defendant seeking postconviction relief claimed that his trial counsel was ineffective in failing to raise temporary insanity or diminished capacity defenses. *Id.* After specifically reciting that the defendant had raised this claim, the district court order addresses other points in a few paragraphs before ultimately denying the defendant's application for postconviction relief. *Id.* We held that error was preserved despite the confusing record, stating that "[w]here the trial court's ruling, as here, expressly acknowledges that an issue is before the court and then the ruling necessarily decides that issue, that is sufficient to preserve error." *Id.* Elaborating on the point, we said that when

confronting "a ruling that correctly describes the applicant's claim, but is followed later by an inaccurate restatement of that claim, and followed finally by a denial of the entire application, we cannot say that the court failed to consider and rule upon the matter." *Id.* at 865. We concluded that although the district court was "a little careless in its restatement of the claim," it plainly did not "misunderst[an]d what Lamasters was arguing." *Id.*

The district court's ruling in this case contains notable similarities to the ruling in *Lamasters*. In both its oral ruling and its written order, the district court here correctly described Jackson's claim by directly referring to the weight-of-the-evidence challenge, followed by discussions that confusingly mentioned "substantial" evidence, followed by a denial of the motion in its entirety. The district court here was similarly loose in its phrasing, but because it plainly considered Jackson's weight-of-the-evidence claim by name, and necessarily ruled on it, we conclude that error was preserved on his motion for new trial. *See id.* at 864–65. *See generally State v. Crawford*, 972 N.W.2d 189, 198 (Iowa 2022) ("When we speak of error preservation, all we mean is that a party has an obligation to raise an issue in the district court and obtain a decision on the issue so that an appellate court can review the merits of the decision actually rendered.")[1]

**B. The Incorrect Standard.** We thus turn to Jackson's argument that the district court applied an incorrect standard in ruling on the motion for new trial. Although we generally review rulings on new trial motions for abuse of discretion,

---

[1]The court of appeals decisions requiring or suggesting that a defendant must file a motion or otherwise bring the mistake to the court's attention to preserve error on a claim that the district court applied the wrong standard when denying a motion for new trial should not be followed. *See State v. Jackson*, No. 24–1112, 2025 WL 1704322, at *2–3 (Iowa Ct. App. June 18, 2025); *State v. Smiley*, No. 24–0448, 2025 WL 1177409, at *6 n.4 (Iowa Ct. App. Apr. 23, 2025); *State v. Wilson*, No. 22–1090, 2023 WL 8449406, at *4 n.1 (Iowa Ct. App. Dec. 6, 2023); *State v. Rethwisch*, No. 22–0530, 2023 WL 5607147, at *4–7 (Iowa Ct. App. Aug. 30, 2023) (en banc).

we review claims that the district court applied the wrong standard for errors at law. *Ary*, 877 N.W.2d at 706.

Throughout its rulings, the district court's language toggles between standards, repeatedly using sufficiency-based terminology to justify its denial of the weight-of-the-evidence challenge. In its oral ruling, the district court begins by stating that "the evidence was incredibly substantial." But it immediately follows this statement with, "I don't think that there is any reason to think the jury verdict was not supported by sufficient weight of the evidence." After noting its agreement with the prosecutor's argument on the strength of the evidence, the court states: "I don't think there was any issue with the verdict being contrary to the weight of the evidence with regard to constructive possession or the operating while intoxicated charge." The court then explicitly references the motion for new trial, denying the motion after referring to "the really overwhelming amount of other evidence that was presented as to Mr. Jackson's impairment."

The written order similarly presents an unclear analytical roadmap. After noting that Jackson "argues grounds for a new trial exist as the verdict was against the weight of the evidence," the court's focus remains on the evidence's sufficiency, concluding that "[s]ubstantial evidence supports the verdict as to both counts" and that the "evidence is substantial and can convince a rational jury" of Jackson's guilt.

The written order does not expressly include any traditional weight-of-the-evidence analysis. Most conspicuously, it does not assess witness credibility or evaluate the quality of the evidence from the perspective of a juror sifting through competing theories. Instead, the order's terminology employs hallmarks of the sufficiency standard, finding the evidence "substantial" after viewing it in the

light most favorable to the State. The court's oral ruling is similarly problematic, again describing the evidence as "substantial" and using the confusing hybrid phrase "sufficient weight of the evidence" rather than confirming that the verdict was supported by the *actual* weight of the evidence. On these facts, we conclude that the district court applied the wrong standard in ruling on the motion for new trial.

The State cites *State v. Wickes* to argue that the terms "substantial" and "sufficient" are not dispositive. 910 N.W.2d 554, 570–71 (Iowa 2018). But *Wickes* stands for a narrower proposition. In that case, we found that a district court's use of "substantial evidence" was not fatal because the court immediately clarified that "the evidence, when weighed, weighs in favor of the verdict." *Id.* at 570. Here, the district court provided no such clarification. Because neither the oral nor written rulings indicate that the court independently weighed the evidence, the record suggests that the court improperly applied a sufficiency standard to the motion for new trial.

It's true, as the State points out, that the district court's oral ruling made no mention of viewing the trial evidence in the light most favorable to the State, a standard feature of sufficiency analysis. But the written order twice noted that the evidence was being considered "[i]n the light most favorable to the state." The State also points out that there was only one witness at trial, which it contends makes the lack of an explicit reference to witness credibility potentially unnecessary considering the court found "overwhelming" evidence. The problem, of course, is that repeated references to "substantial" and "sufficient" evidence as the basis for the ruling after describing Jackson's weight-of-the-evidence challenge more directly suggests that the district court used the wrong standard. In our view, the district court's explicit language offers a more definitive account

of its reasoning than the inferences the State asks us to draw by reading between the lines.

On these points, *State v. Ary* is instructive. 877 N.W.2d at 705–07. In that case, the defendant similarly argued that the district court erred in denying his motion for a new trial by applying a sufficiency-of-the-evidence standard. *Id.* at 706. We held that the district court's repeated use of the word "sufficient" was a clear sign that the district court improperly applied the sufficiency standard instead of the weight standard. *Id.* at 706–07. In focusing on whether the evidence was sufficient, the district court failed to independently weigh the evidence as required under a motion for new trial. *Id.* at 707. We reversed the district court's ruling and remanded the case. *Id.* The same result is required here.

III.

We conclude that the district court erred in denying Jackson's motion for new trial using the sufficiency test rather than the weight-of-the-evidence test. We thus vacate the court of appeals decision, conditionally affirm Jackson's convictions and sentence, and remand for further proceedings. On remand, the district court should consider Jackson's motion for new trial under the appropriate legal standard. If the court denies the motion, Jackson's convictions and sentence will stand.

**Decision of Court of Appeals Vacated; District Court Judgment Affirmed on Condition and Remanded with Instructions.**